**SEALED**

FILED by _DS_ D.C.

MAY - 5 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __15-60094-CR-COHN__

18 U.S.C. § 1962(d)
18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)(A)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2
18 U.S.C. § 1963
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

UNITED STATES OF AMERICA

v.

JUAN ALVAREZ, a/k/a King Juanma,
ARTURO ANDRADE, a/k/a King Tu,
SEAN BUENDIA, a/k/a King Chill,
LAZARO CASTELLON, a/k/a King Speedy, Laz,
DOMINIQUE ENRIQUE, a/k/a King Bolo,
TONY ESTEVEZ, a/k/a King Kilo,
SAMUEL GERMAN, a/k/a King Traffic,
ALBERTO HERNANDEZ, JR., a/k/a King Gordo,
CHRISTOPHER ISABEL, a/k/a King Nano,
BARBARA LEE, a/k/a Queen Flaka,
ANDRES LUGO, a/k/a King Ghost,
DANIELLE LUCATORTO, a/k/a Cookie,
JOHN MARTINS, a/k/a King Slowdown,
ALAIN MEDERO, a/k/a King C-Low,
FERNANDO MORENO, a/k/a King Boom,
JORGE PEREZ-HERNANDEZ,
LUIS RIVERA, a/k/a King Tato,
GIOVANNY ROCHA-COLLADO, a/k/a King Joker,
BARBARO SANCHEZ, a/k/a King Tata,
BOBBIE TEJADA, a/k/a King Riko,
JERRY VAZQUEZ,
GIOVANNY VIERA, a/k/a King Hollywood, and
JUAN MARCOS VEGA,

                    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

### GENERAL ALLEGATIONS

1.      The Latin Kings, also known variously as "LK" and "The Nation" (hereinafter "the Latin Kings"), was an organized criminal group that operated in the Southern District of Florida and elsewhere.

2.      The Latin Kings were one of the largest and most well organized gangs operating in the United States.   The gang's primary source of income was generated through offenses related to the distribution of narcotics, assault, robbery, burglary, and identity theft.   Members of the gang committed these criminal acts with the intent to benefit, promote, and further the interests of their organization, and to increase their own standing or position within the Latin Kings organization. Chapters of the Latin Kings operated in at least 39 states, including Florida.   The Latin Kings adhered to a local, regional, state, and a national hierarchical system.   The local chapter reported to the regional officers, the regional officers reported to the state officers, and the state officers reported to the national officers.   State and local chapters, often also referred to as "tribes," were comprised of a five person leadership structure, intended to represent the five points of a king's crown.   These positions were identified by the titles of Inca or first crown, Cacique or second crown, Enforcer or third crown, Treasurer or fourth crown, and Secretary or fifth crown. Together, the crowns ensured that the Latin Kings members follow the rules and regulations set forth in the Latin King Manifesto, referred to as the "KMC."   Prospective Latin King members were required to memorize "knowledge" regarding the structure, rituals, and behavioral codes of the Latin Kings before they could become full members.   Members were required to pay dues, the source of which was usually generated through criminal activity, attend regular meetings, and adhere to the gang's

2

established policies. Failure to adhere to the rules could result in disciplinary action.

3. The Latin Kings' colors were Black and Gold. Gang markings consisted of a 5 or 3-point "sacred crown," writings of the letters LK (Latin Kings), ALK (Almighty Latin Kings), ALKN (Almighty Latin King Nation), ALKQN (Almighty Latin King Queen Nation), and drawings of the Lion. Many members had tattoos incorporating one or more of the aforesaid phrases or symbols, with the crown and lion being most prominent. Once accepted into the organization, members chose a "King" name by which they became known. Members of the Latin Kings greeted each other, and exhibited their membership in the gang, using a set of hand-signs, each intended to evoke the shape of a crown. Latin Kings often greeted one another, demonstrated their allegiance to the gang, or announced their arrival or presence in a particular area by exclaiming "ADR" or "Amor De Rey," which means "King's Love" in Spanish.

4. The members and associates of the Latin Kings communicated with one another in their respective tribes, and with other members across the United States, in person and through the use of telephone, email, and social networking websites.

5. The members and associates of the Latin Kings were united by their common criminal interests. While the membership and hierarchy of the Latin Kings changed during the period of time charged in this indictment, and not all members and associates pursued each unlawful end, the structure of the Latin Kings remained intact.

6. At various times, the following defendants held leadership positions with the state and/or local structure of the Latin Kings: Defendant CHRISTOPHER ISABEL, a/k/a King Nano, was the Second Crown for the State of Florida. Defendant BOBBIE TEJADA, a/k/a King Riko, was a Regional Officer for the southern area of the State of Florida. Defendant LUIS RIVERA, a/k/a King Tato, was the First Crown of the North Miami tribe. Defendant JUAN ALVAREZ,

3

a/k/a King Juanma, was the First Crown of the South Miami tribe. Defendant LAZARO CASTELLON, a/k/a King Speedy, Laz, was the Second Crown of the South Miami tribe. Defendant GIOVANNY VIERA, a/k/a King Hollywood, was the Third Crown of the South Miami tribe. Defendant TONY ESTEVEZ, a/k/a King Kilo, was the Fourth Crown, and was thereafter elevated to Second Crown, of the South Miami tribe. Defendant SAMUEL GERMAN, a/k/a King Traffic, was Head of Security for the southern area of the State of Florida. Defendant ALAIN MEDERO, a/k/a King C-Low, was the Third Crown of the South Miami tribe. Defendant ANDRES LUGO, a/k/a King Ghost, was the Second Crown of the Broward tribe. Defendant GIOVANNY ROCHA-COLLADO, a/k/a King Joker, was the Fifth Crown of the South Miami tribe. Defendant FERNANDO MORENO, a/k/a King Boom, was the Fifth Crown of the West Palm Beach tribe. In their respective positions, these defendants had varying levels of responsibility for conducting meetings, collecting dues, and maintaining discipline among members of the Latin Kings.

7. Defendants SEAN BUENDIA, a/k/a King Chill, BARBARO SANCHEZ, a/k/a King Tata, JOHN MARTINS, a/k/a King Slowdown, ARTURO ANDRADE, a/k/a King Tu, ALBERO HERNANDEZ, JR., a/k/a King Gordo, BARBARA LEE, a/k/a Queen Flaka, JERRY VAZQUEZ, JORGE PEREZ-HERNANDEZ, DOMINIQUE ENRIQUE, a/k/a King Bolo, DANIELLE LUCATORTO, a/k/a Cookie, and JUAN MARCOS VEGA were members of, or were associated with, the Latin Kings.

## COUNT 1
Conspiracy to Violate the RICO Act, 18 U.S.C. § 1962(d)

1. The General Allegations are realleged and expressly incorporated herein as if set forth in full.

4

2.   From in or about May 2007 and continuing thereafter up to and including the date of

the return of this Indictment, in the Southern District of Florida, and elsewhere, the defendants,

JUAN ALVAREZ, a/k/a King Juanma,
ARTURO ANDRADE, a/k/a King Tu,
SEAN BUENDIA, a/k/a King Chill,
LAZARO CASTELLON, a/k/a King Speedy, Laz,
DOMINIQUE ENRIQUE, a/k/a King Bolo,
TONY ESTEVEZ, a/k/a King Kilo,
SAMUEL GERMAN, a/k/a King Traffic,
ALBERTO HERNANDEZ, JR., a/k/a King Gordo,
CHRISTOPHER ISABEL, a/k/a King Nano,
BARBARA LEE, a/k/a Queen Flaka,
ANDRES LUGO, a/k/a King Ghost,
DANIELLE LUCATORTO, a/k/a Cookie,
JOHN MARTINS, a/k/a King Slowdown,
ALAIN MEDERO, a/k/a King C-Low,
FERNANDO MORENO, a/k/a King Boom,
JORGE PEREZ-HERNANDEZ,
LUIS RIVERA, a/k/a King Tato,
GIOVANNY ROCHA-COLLADO, a/k/a King Joker,
BARBARO SANCHEZ, a/k/a King Tata,
BOBBIE TEJADA, a/k/a King Riko,
JERRY VAZQUEZ,
GIOVANNY VIERA, a/k/a King Hollywood, and
JUAN MARCOS VEGA,

being persons employed by and associated with an Enterprise, that is, the Latin Kings, which

Enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did

knowingly, willfully, and unlawfully combine, conspire, confederate, and agree, with each other,

and with other persons known and unknown to the Grand Jury, to violate Title 18, United States

Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of

the affairs of the Enterprise through a pattern of racketeering activity as that term is defined in Title

18, United States Code, Sections 1961(1) and 1961(5), as set forth hereinbelow in paragraph 4.

5

## THE ENTERPRISE

3.   The Latin Kings constituted an "Enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact although not a legal entity, which Enterprise engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing organization, the members and associates of which functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

## THE PATTERN OF RACKETEERING ACTIVITY

4.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which the defendants and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the Enterprise consisted of multiple acts and threats involving:

(a) Murder, including Attempted Murder and Conspiracy to Commit Murder, in violation of Sections 782.04 and 777.04 Florida Statutes;

(b) Robbery, including Attempted Robbery and Conspiracy to Commit Robbery, in violation of Sections 812.13, 777.011 and 777.04 Florida Statutes;

(c) Kidnaping, including Attempted Kidnaping and Conspiracy to Commit Kidnaping, in violation of Sections 787.01, 777.011 and 777.04 Florida Statutes; and

(d) Dealing in Controlled Substances and Listed Chemicals, including the Attempt to Deal in Controlled Substances and Listed Chemicals and Conspiracy to Deal in Controlled Substances and Listed Chemicals, in violation of Sections 893.13, 777.011 and 777.04 Florida Statutes;

6

and multiple acts which are indictable under the following provisions:

(e) Tampering with a Witness, in violation of Title 18, United States Code, Section 1512;

(f) Retaliating against a Witness, in violation of Title 18, United States Code, Section 1513;

(g) Interference with Commerce by Threats and Violence, and Conspiracy to do so, in violation of Title 18, United States Code, Section 1951; and

(h) Fraud and Related Activity in Connection with Access Devices, in violation of Title 18, United States Code, Section 1029;

and multiple acts involving:

(i) Distribution of, and Possession with Intent to Distribute, Controlled Substances, in violation of Title 21, United States Code, Section 841, Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Use of a Communication Facility in Facilitating a Felony Drug Offense, in violation of Title 21, United States Code, Section 843(b).

5. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise and would otherwise agree on the overall objective of the Enterprise.

PURPOSES OF THE ENTERPRISE

6. The purposes of the Enterprise included, but were not limited to, the following:

(a) Generating money for its members and associates through the commission of various criminal acts, including, among other crimes, armed robbery, extortion, kidnaping, drug

7

trafficking, and criminal acts involving the felonious buying, selling and otherwise dealing in controlled substances, tampering with witnesses, retaliating against witnesses, interfering with commerce by robbery and extortion, and credit card fraud, in such a way as to avoid detection by law enforcement agents;

(b) Preserving and protecting the power, territory, operations, and prestige of the Enterprise through the use of intimidation, violence, and threats of violence;

(c) Promoting and enhancing the Enterprise and the activities of its members and associates; and

(d) Providing support to members of the Enterprise who were charged with, or incarcerated for, gang-related activities.

## METHOD AND MEANS

7. The members and associates of the Enterprise committed diverse crimes in the Southern District of Florida and elsewhere which included, but were not limited to, acts involving murder, robbery, assault, extortion, firearms offenses, dealing in controlled substances, and credit card fraud.

8. Members of the Enterprise and their associates operated and conducted their affairs through a series of law and policies of the Latin Kings, some of which were codified in a constitution and a series of laws of the Latin Kings.

9. In order to enforce discipline and the rules of the Enterprise, members of the Enterprise participated in a system referred to as "violations," in which they threatened and conspired to murder, and physically beat and maim, members of the Enterprise who violated rules or questioned authority, or others who posed a threat to the leaders or purposes of the Enterprise.

8

10.  In order to perpetuate the Enterprise and maintain and further its illegal activities, members of the Enterprise and their associates used intimidation, violence, and threats of violence, including assaults with deadly weapons and murder.

11.  Members of the Enterprise and their associates used intimidation, violence, and threats of violence, including assaults with deadly weapons and murder, to protect the Enterprise and its activities from the activities of rival gangs, including retaliation for gang-related attacks upon members and associates of the Enterprise.

12.  Members of the Enterprise and their associates engaged in the procurement, transfer, use, concealment, and disposal of firearms within the Enterprise to protect gang-related activity, and to further the illegal activities conducted by members and associates of the Enterprise.

13.  Members of the Enterprise and their associates earned money for their members and regularly financed their activities through funds obtained in the illegal trafficking of controlled substances, including the distribution and possession with intent to distribute heroin, cocaine, cocaine base, marijuana, and methylone.

14.  Members of the Enterprise typically purchased firearms and controlled substances from other Enterprise members in order to deter infiltration of the Enterprise by law enforcement officers.

15.  Members of the Enterprise and their associates used intimidation, threats of violence, and violence in order to steal controlled substances and money from drug dealers who were not members or associates of the Enterprise.

16.  Members of the Enterprise operated and conducted their affairs, in part, through a "Box" system in which the tribe leadership of the Latin Kings possessed, controlled, and otherwise

9

maintained a monetary stash on behalf of the Enterprise. As part of this practice, members of the Enterprise paid dues into the Box which, in turn, members of the Enterprise used to bail gang members out of jail, to send money to incarcerated gang members, and to pay legal fees on behalf of gang members awaiting trial for criminal offenses.

17. Members and associates of the enterprise engaged in financial transactions involving the fraudulent obtaining and use of credit cards and retail gift cards. Those fraudulently obtained credit cards and retail gift cards were thereafter sold to others and/or utilized to purchase consumer goods that were sold at a deep discount.

18. The members and associates of the Enterprise engaged in conduct designed to prevent government detection of their identities, their illegal activities, and the proceeds of their activities. Their conduct included the intimidation, threatening, tampering, assaulting and attempted murder of potential witnesses against the Enterprise and its members.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT 2
Hobbs Act Robbery, 18 U.S.C. §§ 1951(a) and 2

On or about June 11 and June 12, 2014, in Broward County, in the Southern District of Florida, the defendants,

BOBBIE TEJADA, a/k/a King Riko,
ANDRES LUGO, a/k/a King Ghost,
and
DANIELLE LUCATORTO, a/k/a Cookie,

did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and 1951(b)(3), in that the defendants

10

did endeavor to take a controlled substance from D.W., whom they believed was in possession of said controlled substance, against the will of that person, by means of actual and threatened force, violence, and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 3

Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A) and 2

On or about June 11 and June 12, 2014, in Broward County, in the Southern District of Florida, the defendants,

BOBBIE TEJADA, a/k/a King Riko,
and
ANDRES LUGO, a/k/a King Ghost,

did knowingly possess a firearm in furtherance of a crime of violence, for which crime the defendants may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a) as set forth in Count 2 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## COUNT 4

Hobbs Act Robbery, 18 U.S.C. §§ 1951(a) and 2

On or about September 28, 2014, in Miami-Dade County, in the Southern District of Florida, the defendants,

JUAN ALVAREZ, a/k/a King Juanma,
and
JUAN MARCOS VEGA,

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are

11

defined in Title 18, United States Code, Sections 1951(b)(1) and 1951(b)(3), in that the defendants did take a controlled substance, a Florida driver license, money, automobile keys, and a cellular telephone from A.C., against the will of that person, by means of actual and threatened force, violence, and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 5
Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. §§ 924(c)(1)(A) and 2

On or about September 28, 2014, in Miami-Dade County, in the Southern District of Florida, the defendants,

JUAN ALVAREZ, a/k/a King Juanma,
and
JUAN MARCOS VEGA,

did knowingly use a firearm during and in relation to a crime of violence, for which crime the defendants may be prosecuted in a court of the United States, specifically, a violation of Title 18, United States Code, Section 1951(a) as set forth in Count 4 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 6
Hobbs Act Robbery, 18 U.S.C. §§ 1951(a) and 2

On or about June 6, 2014, in Broward County, in the Southern District of Florida, the defendant,

SEAN BUENDIA, a/k/a King Chill,

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles

12

and commodities in commerce, by means of robbery, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Sections 1951(b)(1) and 1951(b)(3), in that the defendant, along with other persons, did take a controlled substance from C.M., against the will of that person, by means of actual and threatened force, violence, and fear of injury to said person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### Count 7
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about December 30, 2013, in Broward County, in the Southern District of Florida, the defendants,

GIOVANNY ROCHA-COLLADO, a/k/a King Joker,
and
ALAIN MEDERO, a/k/a King C-Low,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine.

### Count 8
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about January 29, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

TONY ESTEVEZ, a/k/a King Kilo,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this

violation involved a mixture and substance containing a detectable amount of cocaine.

## Count 9
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about August 13, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

TONY ESTEVEZ, a/k/a King Kilo,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine.

## Count 10
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about January 21, 2014, in Broward County, in the Southern District of Florida, the defendant,

BOBBIE TEJADA, a/k/a King Riko,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a quantity of 3,4-methylenedioxy amphetamine, commonly referred to as "methylone" and "molly."

## Count 11
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about February 5, 2014, in Broward County, in the Southern District of Florida, the defendant,

14

SAMUEL GERMAN, a/k/a King Traffic,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a quantity of 3,4-methylenedioxy amphetamine, commonly referred to as "methylone" and "molly."

## Count 12
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about October 14, 2014, in Broward County, in the Southern District of Florida, the defendant,

BARBARA LEE, a/k/a Queen Flaka,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(C), it is further alleged that this violation involved a mixture and substance containing a detectable amount of cocaine.

## Count 13
Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1)

On or about October 30, 2014, in Broward County, in the Southern District of Florida, the defendant,

BARBARA LEE, a/k/a Queen Flaka,

did knowingly and intentionally distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(iii), it is further alleged that

15

this violation involved 28 grams or more of a mixture and substance which contains cocaine base.

## Count 14
Conspiracy to Possess with Intent to Distribute a Controlled Substance, 21 U.S.C. § 846

Beginning in or about June 2014 and continuing through on or about February 5, 2015, in

the Southern District of Florida, and elsewhere, the defendants,

CHRISTOPHER ISABEL, a/k/a King Nano,
FERNANDO MORENO, a/k/a King Boom,
JORGE PEREZ-HERNANDEZ, and
JERRY VAZQUEZ,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others

known and unknown to the Grand Jury, to possess with the intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title

21, United States Code, Section 846.

With respect to defendants MORENO, PEREZ-HERNANDEZ, and VAZQUEZ, the

controlled substance involved in the conspiracy attributable to each of them as a result of their own

conduct, and the conduct of other conspirators reasonably foreseeable to each of them, is one

kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation

of Title 21, United States Code, Section 841(b)(1)(A)(i).

With respect to defendant ISABEL, the controlled substance involved in the conspiracy

attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably

foreseeable to him, is one hundred grams or more of a mixture and substance containing a

detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i).

## Count 15
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about January 1, 2014, in Broward County, in the Southern District of Florida, the

16

defendant,

BOBBIE TEJADA, a/k/a King Riko,

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Hi-Point 9 mm. rifle.

## Count 16
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about June 11 and June 12, 2014, in Broward County, in the Southern District of Florida, the defendant,

BOBBIE TEJADA, a/k/a King Riko,

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Browning 9 mm. pistol.

## Count 17
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about September 28, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

JUAN ALVAREZ, a/k/a King Juanma,

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

17

It is further alleged that the firearm is an Intra Tech 22 cal. pistol.

## Count 18
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about November 21, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

GIOVANNY VIERA, a/k/a King Hollywood,

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearms are a Glock 9 mm. pistol and a Taurus 40 mm. pistol.

## Count 19
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about December 1, 2014, in Broward County, in the Southern District of Florida, the defendant,

DOMINIQUE ENRIQUE, a/k/a King Bolo,

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Hi-Point 9 mm. pistol.

## Count 20
Possession of a Firearm by a Convicted Person, 18 U.S.C. § 922(g)(1)

On or about March 7, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

LAZARO CASTELLON, a/k/a King Speedy, Laz,

18

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm is a Smith & Wesson 9 mm. pistol.

## FORFEITURE ALLEGATIONS - COUNT 1

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant Title 18, United States Code, Section 1963.

2. Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962(d), as charged in Count 1 of this Indictment, the defendants, TONY ESTEVEZ, a/k/a King Kilo, and JORGE PEREZ-HERNANDEZ, shall forfeit to the United States of America:

A. any interest acquired or maintained in violation of Section 1962;

B. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and

C. any property constituting, or derived from, any proceeds which the defendants obtained, directly or indirectly, from racketeering activity in violation of Section 1962.

The property to be forfeited includes, but is not limited to:

(i) $10,000 and $10,476 in United States currency seized from Defendant TONY ESTEVEZ, a/k/a King Kilo, and

(ii) $13,000 in United States currency seized from Defendant JORGE PEREZ-HERNANDEZ.

## FORFEITURE ALLEGATIONS - COUNTS 3 and 5

1. The allegations contained in Counts 3 and 5 of this Indictment are hereby realleged

and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of any offense in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, as set forth in Counts 3 and 5 of this Indictment, the defendants, BOBBIE TEJADA, a/k/a King Riko, ANDRES LUGO, a/k/a King Ghost, JUAN ALVAREZ, a/k/a King Juanma, and JUAN MARCOS VEGA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in, or used in, the commission of the offense, including, but not limited to the following:

A.   One Browning 9 mm. pistol, Serial No. T175625,

B.   One Sig-Sauer 9 mm. pistol, model P226, Serial No. U840130, and

C.   One Intra Tech 22 cal. pistol, Model Sport 22, Serial No. K001319.

### FORFEITURE ALLEGATIONS - COUNTS 15 THROUGH 20

1.     The allegations contained in Counts 15, 16, 17, 18, 19, and 20 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of any of the respective offenses, in violation of Title 18, United States Code, Section 922(g)(1), as set forth in Counts 15, 16, 17, 18, 19, or 20 of this Indictment, the defendants, BOBBIE TEJADA, a/k/a King Riko, JUAN ALVAREZ, a/k/a King Juanma, GIOVANNY VIERA, a/k/a King Hollywood, and LAZARO CASTELLON, a/k/a King Speedy, Laz, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in, or used

20

in, the commission of the offense, including, but not limited to the following:

A. One Browning 9 mm. pistol, Serial No. T175625,

B. One Sig-Sauer 9 mm. pistol, Model P226, Serial No. U840130,

C. One Intra Tech 22 cal. pistol, Model Sport 22, Serial No. K001319,

D. One Glock 9 mm. pistol, Model 19, Serial No. VVF947, and

E. One Taurus 40 mm. pistol, Model PT140 Pro, Serial No. SZ104060.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

JULIA J. VAGLIENTI
ASSISTANT U. S. ATTORNEY

LAWRENCE D. LaVECCHIO
ASSISTANT U. S. ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. _____

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

**JUAN ALVAREZ, a/k/a "King Juanma", et al**

_____ Defendants.   /_____

**Court Division:** (Select One)

New Defendant(s) _____ Yes _____ No
Number of New Defendants _____
Total number of counts _____

Miami _____   Key West _____
FTL _√_   WPB _____   FTP _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     Yes
   List language and/or dialect     English and Spanish

4. This case will take _25_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                        (Check only one)

   | I | 0 to 5 days | _____ | Petty | _____ |
   |---|---|---|---|---|
   | II | 6 to 10 days | _____ | Minor | _____ |
   | III | 11 to 20 days | _____ | Misdem. | _____ |
   | IV | 21 to 60 days | __√__ | Felony | __√__ |
   | V | 61 days and over | _____ | | |

6. Has this case been previously filed in this District Court?     No     (Yes or No)
   If yes:
   Judge: _____     Case No. _____
        (Attach copy of dispositive order)

   Has a complaint been filed in this matter?     (Yes or No) No √
   Magistrate Case No.     15-mj-06042; 15-mj-06039
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case?     (Yes or No)     No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes _√_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes √ No

_____
Julia J. Vaglienti
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. A5500485

Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: JUAN ALVAREZ, a/k/a "King Juanma"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 4:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, $250,000 fine

**Count 5:**

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** 7 years' imprisonment

**Count 17:**

Possession of a Firearm by a Convicted Person.

Title 18, United States Code, Section 922(g)(1)

**\*Max. Penalty:** 10 years' imprisonment, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name:  ARTURO ANDRADE, a/k/a "King Tu"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: SEAN BUENDIA, a/k/a "King Chill"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**Count 6:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, $250,000 fine

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: LAZARO CASTELLON, a/k/a "King Speedy," "Laz"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 20:**

Possession of a Firearm by a Convicted Person.

Title 18, United States Code, Section 922(g)(1)

**\*Max. Penalty:** 10 years' imprisonment, $250,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  DOMINIQUE ENRIQUE, a/k/a "King Bolo"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**Count 19:**

Possession of a Firearm by a Convicted Person.

Title 18, United States Code, Section 922(g)(1)

**\*Max. Penalty:**  10 years' imprisonment, $250,000 fine

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: TONY ESTEVEZ, a/k/a "King Kilo"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Counts 8 and 9:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 years' imprisonment, $1,000,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:  **SAMUEL GERMAN, a/k/a "King Traffic"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 11:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**  20 years' imprisonment, $1,000,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## PENALTY SHEET

Defendant's Name: **ALBERTO HERNANDEZ JR., a/k/a "King Gordo"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: CHRISTOPHER ISABEL, a/k/a "King Nano"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 14:**

Conspiracy to Possess with Intent to Distribute a Controlled Substance.

Title 21, United States Code, Section 846

**\*Max. Penalty:** 40 years' imprisonment, $5,000,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: BARBARA LEE, a/k/a "Queen Flaka"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 12:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 years' imprisonment, $1,000,000 fine

---

**Count 13:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 40 years' imprisonment, $5,000,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: ANDRES LUGO, a/k/a "King Ghost"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 2:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, $250,000 fine

---

**Count 3:**

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(i)

**\*Max. Penalty:** 5 years' imprisonment

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **DANIELLE LUCATORTO, a/k/a "Cookie"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 2:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, $250,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:  JOHN MARTINS, a/k/a "King Slowdown"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **ALAIN MEDERO, a/k/a "King C-Low"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 7:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 years' imprisonment, $1,000,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: FERNANDO MORENO, a/k/a "King Boom"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**Count 14:**

Conspiracy to Possess with Intent to Distribute a Controlled Substance.

Title 21, United States Code, Section 846

**\*Max. Penalty:** Life imprisonment, $10,000,000 fine

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: JORGE PEREZ-HERNANDEZ**

**Case No:** _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 14:**

Conspiracy to Possess with Intent to Distribute a Controlled Substance.

Title 21, United States Code, Section 846

**\*Max. Penalty:** Life imprisonment, $10,000,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

.

**Defendant's Name: LUIS RIVERA, a/k/a "King Tato"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **GIOVANNY ROCHA-COLLADO, a/k/a "King Joker"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:**  20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 7:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:**  20 years' imprisonment, $1,000,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **BARBARO SANCHEZ, a/k/a "King Tata"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: BOBBIE TEJADA, a/k/a "King Riko"**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, \$250,000 fine or twice the gross profits obtained

---

**Count 2:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, \$250,000 fine

---

**Count 3:**

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(i)

**\*Max. Penalty:** 5 years' imprisonment

---

**Counts 10:**

Distribution of a Controlled Substance.

Title 21, United States Code, Section 841(a)(1)

**\*Max. Penalty:** 20 years' imprisonment, \$1,000,000 fine

---

PENALTY SHEET Continued Bobbie Tejada

**Counts 15 – 16:**

Possession of a Firearm by a Convicted Person.

Title 18, United States Code, Section 922(g)(1)

**\*Max. Penalty:** 10 years' imprisonment, $250,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name**: **JERRY VAZQUEZ**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

**Count 14:**

Conspiracy to Possess with Intent to Distribute a Controlled Substance.

Title 21, United States Code, Section 846

**\*Max. Penalty:** Life imprisonment, $10,000,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: GIOVANNY VIERA, a/k/a "King Hollywood"**

**Case No**: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 18:**

Possession of a Firearm by a Convicted Person.

Title 18, United States Code, Section 922(g)(1)

**\*Max. Penalty:** 10 years' imprisonment, $250,000 fine

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **JUAN MARCOS VEGA**

Case No: _____

**Count 1:**

RICO Conspiracy.

Title 18, United States Code, Section 1962(d)

**\*Max. Penalty:** 20 years imprisonment, $250,000 fine or twice the gross profits obtained

---

**Count 4:**

Hobbs Act Robbery.

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 years' imprisonment, $250,000 fine

---

**Count 5:**

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)

**\*Max. Penalty:** 7 years' imprisonment

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**